**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000475**
**21-MAR-2022**
**07:59 AM**
**Dkt. 65 SO**

NO. CAAP-18-0000475

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NATIONSTAR MORTGAGE, LLC, Plaintiff-Appellee
v.
ASSOCIATION OF APARTMENT OWNERS OF ELIMA LANI CONDOMINIUMS,
Defendant-Appellant,
and
THOMAS BLAKE K. DAVID; SARAH L. DAVID; THE BANK OF NEW YORK
MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED
CERTIFICATES, SERIES 2006-S6; FIA CARD SERVICES, N.A.;
JOHN DOES 1-20; JANE DOES 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20;
AND DOE GOVERNMENTAL UNITS 1-20; Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 16-1-373K)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Association of Apartment Owners of

Elima Lani Condominiums (the **AOAO**) appeals from the May 16, 2018

Judgment (**Confirmation Judgment**) entered by the Circuit Court of

the Third Circuit (**Circuit Court**).[1]  The AOAO also challenges, in part, the Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorney's Fees, Costs, Directing Conveyance and for Writ of Ejectment entered by the Circuit Court on May 16, 2018 (**Confirmation Order**).

The AOAO raises three points of error on appeal, contending that the Circuit Court erred when it:  (1) concluded that the foreclosure commissioner (**Commissioner**) was vested with legal and equitable title to the subject property (**Property**) in the Circuit Court's June 30, 2017 Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against [the AOAO] and Default Judgment Against Remaining Defendants and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**); (2) denied the AOAO's request for the rental proceeds collected by the Commissioner after the entry of the Foreclosure Decree and the judgment entered thereon on June 30, 2017 (**Foreclosure Judgment**), and instead ordered the money be paid to Plaintiff-Appellee Nationstar Mortgage, LLC (**Nationstar**) as partial payment of the amounts due and owing to Nationstar on the subject note and secured by the subject mortgage (the **Debt**), which was foreclosed upon in conjunction with the Foreclosure Decree and Foreclosure Judgment; and (3) when it failed to order

---

[1]     The Honorable Robert D.S. Kim presided.

that the AOAO was entitled to receive payment for common maintenance fees for the period from June 30, 2017, to the completion of the foreclosure sale of the Property.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the AOAO's points of error as follows:

(1) The AOAO does not explain how, by way of the Confirmation Order, the Circuit Court vested the Commissioner with title to the Property.[2] We conclude that the AOAO's first point of error is without merit. See Bank of New York Mellon v. Larrua, No. CAAP-17-0000904, 2022 WL 277671, at *16 (Haw. App. Jan. 31, 2022).

(2) We conclude that the AOAO's argument that it was entitled to exclusive possession and control of the Property and its rents, even after the entry of the Foreclosure Decree and Foreclosure Judgment, is without merit. See id. For the reasons stated in U.S. Bank Trust v. Chinen, Nos. CAAP-18-0000486 and CAAP-18-0000963 (consolidated), 2022 WL 574511, at *10 (Haw. App. Feb. 28, 2022), which are applicable to the record in this case, we cannot conclude that the Circuit Court abused its discretion in assessing the equities involved when it ordered that the rents collected by the Commissioner be applied to the Debt.

---

[2] We note that the Foreclosure Decree does not purport to vest title in the Commissioner; rather it authorizes and directs the Commissioner to take possession and control of the Property, including but not limited to the collection of rent and the sale of the Property at a public auction.

(3)   Based on our review of the arguments made to the Circuit Court, as well as the entire record, we cannot conclude that under the circumstances of this case, the Circuit Court abused its discretion by failing to order payment to the AOAO for common maintenance fees for the period from June 30, 2017 (the date of the entry of the Foreclosure Decree and Foreclosure Judgment), to the completion of the foreclosure sale of the Property.  See id.

For these reasons, the Circuit Court's May 16, 2018 Confirmation Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, March 21, 2022.

On the briefs:

R. Laree McGuire,
(Porter McGuire Kiakona &
 Chow, LLP),
for Defendant-Appellant.

Andrew J. Lautenbach,
Sianha M. Gualano,
(Starn O'Toole Marcus &
 Fisher),
for Plaintiff-Appellee,
on the Answering Brief
(Withdrawing counsel),
 and
Kalama M. Lui-Kwan,
(Troutman Pepper Hamilton
 Sanders, LLP),
for Plaintiff-Appellee,
(Appearing counsel).

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge